IN
THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF
VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| JUDY WAIN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRAMMELL HOTEL INVESTMENTS, LLC )<br>and )<br>MACK TRAMMELL )<br>)<br>Defendants. ) | Case No. _____ |

## COMPLAINT

Plaintiff, Judy Wain, by counsel, moves for judgment on the grounds and in the amounts set forth below:

1.   This action arises under federal law, particularly Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ( "Title VII ")."

2.   Jurisdiction is conferred by 42 U.S.C. Section 2000e(f)(3).

### COUNT I - VIOLATION OF TITLE VII

### Sexual Discrimination/Harassment

3.   Plaintiff, a Caucasian female, filed a charge for violation of Title VII for sexual harassment with the EEOC on or about January 6, 2004. Plaintiff received her right-to-sue letter on or about April 30, 2005 (Exhibit).

4.   Plaintiff began employment with Trammell Hotel Investments, LLC ("Trammell,

1

LLC") on or about March 12, 2003 as a server before being promoted to night hostess.

5. On several occasions following her hire, Mack Trammell ("Trammell"), sole owner of Trammell, LLC, grabbed plaintiff's breast, kissed her and rubbed her back, all without plaintiff's implied or actual consent. In addition, Trammell told plaintiff he loved her.

6. Plaintiff attempted to protect herself from Trammell's unauthorized grabbing of her breast; however, when she attempted to take his hand to prevent its further movement on her breast, Trammell took hold of her hand and continued to sexually touch plaintiff, kiss her and tell her that he loved her.

7. Plaintiff promptly complained on each occasion to management about Trammell's actions; however, corrective action was taken.

8. Less than two weeks following plaintiff's complaints, Trammell again touched her below her waist without either her implied or actual consent and said, "Hello, Sweetheart."

9. Defendant has engaged in an extensive pattern and practice of sexually harassing female employees over many, many years, and subsequently retaliating against those employees who attempt to exercise their rights under Title VII. Despite the fact that numerous charges have been filed with EEOC, and suits have been filed in federal court as the direct and proximate result of Trammell's (and likewise, Trammell, LLC's) sexual harassment of his/its female employees, Trammell/Trammell, LLC, continue(s) to engage in sexual harassment of these employees, apparently assuming immunity under the law.

10. On November 10, 2003, plaintiff was terminated without just cause.

## Racial Discrimination

11. Paragraphs 1-10 are hereby incorporated by reference herein.

12. During plaintiff's employment with defendants, an African-American male, Mr. Eric Robinson ("Robinson"), was also employed by Trammell, LLC.

13. Plaintiff and Robinson socialized outside the work place. On October 17, 2003, Desiree Keithan ("Keithan"), General Manager and agent of Trammell, LLC, called plaintiff into her office and ordered her to either stop socializing with Robinson, due to the fact that neither she nor Trammell approved of inter-racial socializing, or she would lose her job.

14. Such action was taken by Keithan specifically due to plaintiff's race, specifically, the fact that plaintiff is Caucasian, while Robinson is an African-American.

15. Such action would not have been taken against plaintiff had she been an African-American.

16. Plaintiff continued to socialize with Mr. Robinson, albeit on a more limited basis, outside of the work place.

17. On November 10, 2003, plaintiff received a telephone call from management advising her she was terminated. She was further advised that management had terminated Robinson, and that she was to advise Robinson he had also been terminated.

18. Such termination would not have occurred but for plaintiff's race; specifically, Caucasian.

19. Said termination was in direct violation of plaintiff's rights pursuant to Title VII.

20. All of the acts set forth above were performed by defendants intentionally and deliberately, and with reckless disregard for the law.

## COUNT II - INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs and further alleges that defendants knew or should have known their conduct would cause emotional distress to persons similarly situated to plaintiff and to plaintiff personally.

22. The intentional acts of the defendants were outrageous and intolerable, and were done with reckless and wanton disregard for the pendant severe emotional distress in the form of mental suffering suffered by plaintiff.

## COUNT III - ASSAULT AND BATTERY

23. Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs and further alleges that defendants acted intentionally and maliciously, making plaintiff fearful and apprehensive that Trammell intended to, and did, make unwanted, offensive, and harmful physical contact with plaintiff.

24. Trammell, owner of Trammell Hotel Investments, did intentionally and maliciously cause unwanted, offensive and harmful physical contact to plaintiff.

WHEREFORE, Plaintiff asks that the Court:

1. Enter judgment against Defendant Trammell, LLC determined to be equal to the statutory cap, as compensatory damages for violation of Title VII;

2. Enter judgment against both defendants Trammell, LLC and Trammell, in the amount of Three Hundred Thousand Dollars ($300,000.00) each for assaulting and battering the Plaintiff;

3. Award her punitive damages in the amount of Five Million Dollars ($5,000,000.00);

4. Award her attorneys' fees and her costs expended in this action; and

5. Such other different relief as may be deemed appropriate under the circumstances of this case.

JUDY WAIN

By____/S/ Hilary K. Johnson_____
       Of Counsel

Hilary K. Johnson, Esq.
Hilary K. Johnson, P.C.
190 E. Main Street
Abingdon, VA  24210
(276)619-3740
fax - (276)6193742
VSB No. 20345

**JURY TRIAL DEMAND**

A jury trial is demanded in this matter.