CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
AUG 24 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON GAP DIVISION

| | |
|---|---|
| JUDY WAIN, <br>     Plaintiff, <br><br> v. <br><br> TRAMMELL HOTEL <br> INVESTMENTS, LLC, <br><br> and <br><br> MACK TRAMMELL, <br>     Defendants. | Civil Action No. 1:05cv00043 <br><br> **MEMORANDUM OPINION** <br><br> By: GLEN M. WILLIAMS <br> Senior United States District Judge |

This case is before the court on defendants Trammell Hotel Investments, LLC, ("Trammell LLC"), and Mack Trammell's, ("Trammell"), (collectively "the defendants'"), motion to dismiss the amended complaint, (Docket Item No. 5), motion to strike the amended complaint, (Docket Item No. 6), and motion for a more definite statement, (Docket Item No. 7), filed on June 27, 2005. Plaintiff Judy Wain, ("Wain"), responded to the motion on July 25, 2005, (Docket Item No. 10). Oral argument having not been requested, the court issues the following memorandum opinion and accompanying order.

*I. Background*

Wain began employment with Trammell LLC on March 12, 2003, as a server

and was later promoted to a night hostess. (Amended Complaint, (Docket Item No. 4), at 1-2.) On several occasions following Wain's hire, Trammell, sole owner of Trammell LLC, allegedly grabbed Wain's breasts, kissed her, rubbed her back and told her that he loved her, all without Wain's implied or actual consent. (Amended Complaint at 2.) When Wain attempted to protect herself from Trammell's unauthorized actions, Trammell took hold of her hand and continued to sexually touch her and tell her that he loved her. (Amended Complaint at 2.)

Wain promptly complained on each of these occasions to the management of Trammell LLC about the sexual harassment; however, no corrective action was taken. (Amended Complaint at 2.) Despite the complaints to management, Trammell again sexually touched Wain without her implied or actual consent and stated, "Hello Sweetheart." (Amended Complaint at 2.) In the past, other female employees allegedly had been sexually harassed and retaliated against when they attempted to exercise their rights under Title VII of the Civil Rights Act of 1964. (Amended Complaint at 2.)

On October 17, 2003, Desiree Keithan, ("Keithan"), General Manager of Trammell LLC, called Wain into the office and ordered her to stop socializing with Eric Robinson, ("Robinson"), an African-American employee of Trammell LLC. (Amended Complaint at 3.) Keithan said the reason for the order was that neither Keithan nor Trammell approved of inter-racial socializing. (Amended Complaint at 3.) Keithan also allegedly threatened Wain with the loss of her job if she did not comply. (Amended Complaint at 3.) On November 10, 2003, Wain received a telephone call from management advising her that she was terminated. (Amended

Complaint at 3.) Wain was further advised that Robinson also was terminated. (Amended Complaint at 3.)

Wain, a Caucasian female, filed a complaint for sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, with the Equal Employment Opportunity Commission, ("EEOC"), on January 6, 2004. (Amended Complaint at 1.) In addition, Wain also filed charges for intentional and negligent infliction of emotional distress and for assault and battery with the EEOC on the same date. (Amended Complaint at 3-4.) Wain received her right-to-sue letter from the EEOC on May 30, 2005. (Amended Complaint at 1.) Wain filed the current lawsuit the next day, May 31, 2005.[1] On June 27, 2005, the defendants filed a motion to dismiss the amended complaint, ("motion to dismiss"), (Docket Item No. 5), and, in the alternative, a motion to strike the amended complaint, ("motion to strike"), (Docket Item No. 6), and a motion for a more definite statement, ("motion for a more definite statement"), (Docket Item No. 7). Wain responded on July 25, 2005, (Docket Item No. 10).

## II. Analysis

### A. Motion to Dismiss

The defendants advance several arguments in their motion to dismiss, dealing

---

[1] Both the complaint and the amended complaint were filed on May 31, 2005. (Docket Item Nos. 1, 4.)

with the different counts Wain has alleged in her amended complaint. First, they argue that Wain's Title VII claim against Trammell, as an individual, should be dismissed. (Memorandum in Support of Defendants' Motion to Dismiss, Motion to Strike, and Motion for a More Definite Statement, ("Defendants' Brief"), (Docket Item No. 8), at 1-2.) Wain concedes this argument. (Plaintiff's Response Brief to Defendants' Motions to Strike, Dismiss, and for a More Definite Statement, ("Plaintiff's Response Brief"), (Docket Item No. 10), at 2-3.) Thus, Wain's Title VII claims against Mack Trammell, in his individual capacity, will be dismissed.

The defendants next argue that Wain has not adequately alleged sexual harassment which was severe or pervasive enough so as to create an abusive work environment. (Defendants' Brief at 3.) Wain argues that the sexual harassment she alleges, namely Trammell's kissing Wain, rubbing her back, and fondling her breasts on three occasions was conduct that was severe and pervasive enough to create a hostile and abusive work environment. (Plaintiff's Response Brief at 3-4.)

In order to sufficiently state a claim for a hostile or abusive work environment under Title VII, a plaintiff must allege (1) unwelcome conduct; (2) based on the plaintiff's sex; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer. *Conner v. Schrader-Bridgeport International, Inc.*, 227 F.3d 179, 192 (4th Cir. 2000). Whether an environment is hostile or abusive can be determined only by looking at all the circumstances, not just any one factor. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). Some of the factors to consider may include the frequency of the discriminatory act; its severity; whether the act is

Case 1:05-cv-00043-JPJ-PMS   Document 12   Filed 08/24/05   Page 4 of 12   Pageid#: 59

physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Harris*, 510 U.S. at 23. The "severe or pervasive" element is determined by an objectively hostile or abusive work environment, one that a reasonable person would find hostile or abusive, as well as the victim's subjective perception that the environment is abusive. *Harris*, 510 U.S. at 21-22.

In *Hott v. VDO Yazaki Corp.*, 922 F. Supp. 1114, 1122 (W.D. Va., 1996), a female employee alleged sexual harassment by two of her supervisors. *Hott*, 922 F. Supp. at 1122. One supervisor made sexually suggestive comments about the plaintiff's appearance while touching the plaintiff on the shoulders and on the back. *Hott*, 922 F. Supp. at 1122. Another supervisor made obscene comments to her, touched her, called her, asked her out, proposed marriage to her, and commented on her looks, body, and breasts. *Hott*, 922 F. Supp. at 1122. The court found that the plaintiff, through alleging these facts, had established a prima facie case of sexual harassment under Title VII. *Hott*, 922 F. Supp. at 1122. The court further stated that "sexual harassment based on a hostile work environment exists where there are sexual advances, fondling or a sexually suggestive workplace atmosphere that the claimant finds unwelcome." *Hott*, 922 F. Supp. at 1122 (quoting *Walker v. Sullair Corp.*, 736 F. Supp. 94, 100 (W.D.N.C. 1990)).

The defendants argue that the alleged conduct was not severe or pervasive enough to create a hostile or abusive work environment. (Defendants' Brief at 5.) Specifically, the defendants argue that three alleged incidents over an eight-month period are insufficient support the pervasive prong of a hostile work environment

Case 1:05-cv-00043-JPJ-PMS   Document 12   Filed 08/24/05   Page 5 of 12   Pageid#: 60

claim, and that the incidents alleged to have happened "do not qualify as 'severe' conduct." (Defendants' Brief at 5.) Wain disagrees, arguing that Trammell's actions were clearly severe and pervasive enough to support the hostile work environment claim. (Plaintiff's Response Brief at 4.) As noted by the defendants, the Supreme Court has held that "[t]he 'mere utterance of an . . . epithet which engenders offensive feelings in an employee' does not sufficiently affect the conditions of employment to implicate Title VII." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57 (1986)). However, *Harris* also requires this court to consider the totality of the circumstances, not just any one factor. *Harris*, 510 U.S. at 23 ("But we can say that whether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances."). Looking at all the circumstances, Wain has alleged more than a mere utterance of an epithet; she has alleged sufficiently severe and pervasive behavior to state a claim for a hostile and abusive work environment. Further, while Wain did not allege that she could not continue with her work because of the offensive conduct, Wain has alleged that she complained of the conduct to her supervisors, giving rise to the inference that the conduct affected her work performance. Thus, the defendants' motion to dismiss Count I with respect to Trammell LLC shall be denied.

The defendants next argue that Wain has failed to sufficiently plea a cause of action for intentional infliction of emotional distress because Wain failed to plea facts that would support personal injury, as required for an intentional infliction of emotional distress claim. (Defendants' Brief at 7.) Specifically, the defendants argue that Wain's allegations are too generalized and the conduct was not severe enough to withstand the motion to dismiss. (Defendants' Brief at 9.)

Wain has not pled a physical manifestation of her emotional injury. In order to withstand a motion to dismiss for failure to state a claim for a tort of intentional infliction of emotional distress in the absence of a personal injury, a plaintiff must prove by clear and convincing evidence: (1) that the defendant's conduct was intentional or reckless; (2) that the defendant's conduct was extreme and outrageous in that it offends against the generally accepted standards of decency and morality; (3) that the defendant's conduct caused emotional distress; and (4) that the emotional distress was severe. *Womack v. Eldridge*, 215 Va. 338, 342 (1974). The requirement that the defendant's conduct be extreme and outrageous is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. *Womack*, 215 Va. at 342. In addition, liability only arises when the emotional distress is extreme, and then only where the distress inflicted is so severe that no reasonable person could be expected to endure it. *Russo v. White*, 241 Va. 23, 27 (1991). A plaintiff in Virginia must plead "with the requisite degree of specificity" the facts giving rise to his claim of severe emotional distress. *Jordan v. Shands*, 255 Va. 499, 500 S.E.2d 215, 219 (Va.1998). Still, Wain has alleged that she suffered "severe emotional distress in the form of mental suffering" due to the actions by Trammell. (Amended Complaint at 4.) This is enough, under Federal Rule of Civil Procedure Rule 8, to put the defendants on notice of the nature of Wain's claim and the ground upon which it rests. FED. R. CIV. PRO. 8(a); *see Hatfill v. New York Times Co.*, --- F.3d ---, 2005 WL 1774219, *13 (4th Cir. 2005). Therefore, the defendants' motion to dismiss the intentional infliction of emotional distress count will be denied.

The defendants next argue that Wain failed to adequately plead the cause of

-7-

action for negligent infliction of emotional distress. (Defendants' Brief at 9.) Specifically, they argue that Wain failed to plea a physical manifestation of her alleged emotional distress, and, thus, the count should be dismissed. (Defendants' Brief at 9.) Wain did not respond to this argument in her response brief. In order to state a claim for negligent infliction of emotional distress, the plaintiff must plead evidence of symptoms or manifestations of physical injury, and not merely of an underlying emotional disturbance. *Myseros v. Sissler*, 239 Va. 8, 11 (1990). In the instant case, Wain fails to allege any physical injury as a result of her "mental suffering." (Amended Complaint at 4.) Thus, the defendants' motion to dismiss the count of negligent infliction of emotional distress will be granted.

The defendants next argue that with regards to the counts of intentional infliction of emotional distress, assault and battery, Wain failed to allege that Trammell was acting within the scope of employment with Trammell LLC when the torts occurred, and, thus, those counts against Trammell LLC should be dismissed. (Defendants' Brief at 10.) Wain argues that Trammell is an employee of Trammell LLC and was acting within the scope of employment. (Plaintiff's Response Brief at 3.)

Wain has alleged that Trammell owned Trammell LLC, her employer. (Amended complaint at 2, 4.) Wain argues in her brief that Trammell was her supervisor, (Plaintiff's Response Brief at 4), an argument supported by her complaint where she alleges that Trammell and Keithan terminated her employment due to her socializing with Robinson. The right of control is the determining factor in ascertaining the parties' status in an analysis of an employment relationship. *Virginia*

-8-

Case 1:05-cv-00043-JPJ-PMS    Document 12    Filed 08/24/05    Page 8 of 12    Pageid#: 63

*Employment Comm'n v. A.I.M. Corp.*, 225 Va. 338, 347, 302 S.E.2d 534, 539 (1983). Wain has alleged that Trammell LLC was her employer, and that Trammell, through Trammell LLC, exercised a right to control her through her termination allegedly for socializing with Robinson. Wain has, thus, sufficiently alleged facts to withstand the defendants' motion to dismiss her intentional tort claims for failure to plea respondeat superior. Therefore, the defendants' motion to dismiss will be denied.

The defendants next argue that the Virginia Workers' Compensation Act, Virginia Code § 65.2-101 *et seq.*, bars the intentional infliction of emotional distress and assault and battery charges because "the state workers' compensation scheme is the exclusive remedy for accident or illness arising out of and in the course of one's employment." (Defendants' Brief at 11.) In order for an injury to be compensable under the Virginia Workers' Compensation Act, the plaintiff's injury must have been (1) an injury by accident; (2) arising out of her employment; and (3) arising in the course of her employment. *Combs v. Virginia Elec. & Power Co.*, 259 Va. 503, 508 (2000). To establish an "injury by accident," a claimant must prove (1) that the injury appeared suddenly at a particular time and place and upon a particular occasion, (2) that it was caused by an identifiable incident or sudden precipitating event, and (3) that it resulted in an obvious mechanical or structural change in the human body. *Southern Express v. Green*, 257 Va. 181, 187 (1999). An injury is considered to be "by accident" if all these conditions are satisfied, even if the injury was the result of a willful and/or intentional tort committed by the injured employee's employer or a fellow employee. *Continental Life Ins. Co. v. Gough*, 161 Va. 755, 759 (1934). "An accident occurs 'in the course of the employment' when it takes place within the period of the employment, at a place where the employee may reasonably be, and

while he is reasonably fulfilling duties of his employment or engaged in doing something incidental thereto." *Bradshaw v. Aronovitch*, 170 Va. 329 at 335 (1938); *accord Lucas v. Lucas*, 212 Va. 561, 563 (1972); *Conner v. Bragg*, 203 Va. 204, 208-09 (1962). However, it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the worker would have been equally exposed apart from the employment. *Combs*, 259 Va. at 509 (*quoting In re Employers' Liab. Assur. Corp., Ltd.*, 215 Mass. 497 (Mass. 1913)).

In *City of Richmond v. Braxton*, 230 Va. 161, 164 (1985), the plaintiff was a ticket seller who was assaulted by her supervisor. *City of Richmond v. Braxton*, 230 Va. 161, 164 (1985). The supervisor fondled her breasts in the box office. *City of Richmond*, 230 Va. at 164. The court found that the sexual assault was not directed at the plaintiff as an employee and, therefore, the injury was not covered under the Act. *City of Richmond*, 230 Va. at 164.

A crucial element of a Virginia Workers' Compensation Act claim is that the plaintiff must prove that the alleged injury arose out of her employment. *Combs*, 259 Va. at 508. In the instant case, Wain's sexual assault was not a natural incident of her job duties as a hostess. Wain was not threatened with a potential harassment if she continued to fulfill her job duties as a hostess. Moreover, as in *City of Richmond*, the sexual assault by Trammell was not directed at Wain as an employee, but rather to Wain personally. Therefore, the sexual assault does not arise out of Wain's employment because the sexual assault was not a natural consequence of the nature of Wain's employment. As a result, the defendants' motion to dismiss Counts II and

III as barred by the Virginia Workers' Compensation Act will be denied.

### B. Motion to Strike

The defendants next move this court to strike paragraph nine of the amended complaint due to the paragraph not having "anything to do with *this* plaintiff's claims." (Defendants' Brief at 12.) However, Wain has asked for punitive damages, based on Trammell's actions allegedly being deliberately performed with malicious intent, as well as being a part of a pattern of conduct of disregard for the law by Trammell. As such, the allegations of past harassment are relevant to the issue of punitive damages, and the motion to strike will be denied.

### C. Motion for a More Definite Statement

The defendants next move for a more definite statement from Wain with regards to her allegations. (Defendants' Brief at 14.) As noted above, however, Wain has sufficiently pled causes of action for violation of Title VII of the Civil Rights Act, intentional infliction of emotional distress, and assault and battery. As such, the defendants have sufficient notice of Wain's claims, and the motion for a more definite statement will be denied.

### III. Conclusion

For the foregoing reasons, the court will grant in part the defendants' motion to dismiss insofar as the Title VII claim against Trammell, as an individual, and the claim for negligent infliction of emotional distress will be dismissed, and will deny

in part the defendants' motion to dismiss insofar as the Title VII claim against Trammell LLC, the intentional infliction of emotional distress claim, and the assault and battery claim will not be dismissed. Furthermore, the defendants' motion to strike and motion for a more definite statement will be denied.

An appropriate order will be entered.

DATED: This 23rd day of August, 2005.

/s/ Glen M. Williams
GLEN M. WILLIAMS
Senior United States District Judge